# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXIS M. KARIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-09-670-D |
| ) | |
| U. S. MARSHALS SERVICE, ERIC H. ) | |
| HOLDER, JR., Attorney General, United ) | |
| States Department of Justice, and JASON ) | |
| WILDER, individually and in his official ) | |
| capacity as a U. S. Marshal, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' motion [Doc. No. 20] to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff timely responded to the motion, and Defendants filed a reply.

Defendants argue that the First Amended Complaint fails to comply with this Court's Order of August 4, 2010 [Doc. No. 17], which dismissed some claims and parties, but authorized limited leave to amend to cure other deficiencies in the Complaint. According to Defendants, the First Amended Complaint continues to assert claims against individuals previously dismissed from this action, asserts allegations that fail to state a plausible claim for relief, and includes claims that are untimely because of the Title VII exhaustion of remedies requirements for federal employees. Plaintiff's response argues she attempted to comply with the Court's Order in drafting her First Amended Complaint.

Background:

Plaintiff is a federal employee who has held the position of Aviation Security Officer with the United States Marshals Service since November of 2006. Plaintiff brought this action pursuant to Title VII of the Civil Rights Act, 42 U. S. C. § 2000e-16(c) ("Title VII"), alleging that she was subjected to a gender-based hostile work environment and that Defendants retaliated against her after she complained about the alleged harassment. Plaintiff sought damages pursuant to Title VII, and she asserted a pendent state law claim based on a violation of Oklahoma's Anti-Discrimination Act; she also asserted several pendent state common law tort claims and sought both actual and punitive damages.

<u>Dismissal of original Complaint:</u>

By Order of August 4, 2010 [Doc. No. 17], the Court granted Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court's reasons for doing so are explained in detail in the Order, and are adopted as though fully set forth herein. The bases for dismissal are summarized as follows:

 1.  <u>Dismissal of all defendants except Attorney General Eric Holder:</u>

As explained in detail in the Order, the Court dismissed all defendants except Attorney General Eric Holder because Title VII claims asserted by federal employees may only be brought against the head of the department or agency employing the plaintiff. 42 U. S. C. § 2000e-16(c); *see also* discussion at page 4-5 of the Order. Because Attorney General Holder is the head of the involved agency, he is the only proper defendant; accordingly, the U.S. Marshals Service and Jason Wilder were dismissed from this action.

2. <u>Dismissal of pendent state law claims:</u>

The Court also dismissed Plaintiff's pendent state law claims, as Title VII is the exclusive

remedy for a federal employee's employment discrimination claims, and preempts state law claims. The Court also found such claims should be dismissed on sovereign immunity grounds. Order, pp.6-8. Accordingly, the state law claims cannot be asserted in this action.

### 3. Dismissal of Title VII claims:

The Court dismissed Plaintiff's Title VII claims on several bases. Initially, the Court concluded the allegations in the Complaint established the claims were not timely asserted. Order, pp. 8-11. With respect to her gender-based hostile environment claim, the Court concluded the Complaint failed to allege facts sufficient to support such a claim based on occurrences which could be timely asserted. *Id.* at 18-21.

As explained in detail at pages 8 through 11 of the Order, a federal employee asserting a Title VII claim must allege facts to show that she exhausted her administrative remedies by submitting a complaint to the appropriate EEO office for her agency, and she must allege facts to show that at least one discriminatory act occurred within 45 days of the date she submitted her EEO complaint. *See* 29 C. F. R. § 1614.105(a)(1) and Order at pages 8-11. In this case, the allegations in the Complaint showed that Plaintiff submitted one EEO complaint on August 4, 2008. However, that submission reflects she complained of occurrences outside the 45-day time period,[1] and the allegations in the Complaint relied on those same occurrences and other events which were not included in her EEO complaint. Because Plaintiff had obviously failed to exhaust her administrative remedies on those claims, the Court dismissed her Title VII claims. Plaintiff asked the Court to equitably toll this limitations period to allow her to assert claims outside the 45-day

---

[1]These occurrences include, *inter alia*, events taking place in May of 2007, more than one year before she submitted an EEO complaint.

3

limit and those she did not present to the EEO; for the reasons discussed at length in the Order at pages 12-14, the Court declined to do so. The Court also rejected Plaintiff's contention that her claims were timely because Defendants engaged in a "pattern or practice" of discrimination. Order at pages 15-16.

    4. Leave to amend authorized by August 4, 2010 Order:

In the Order, the Court expressed doubt that Plaintiff would be able to amend her allegations to cure the Complaint's deficiencies. The Court, however, granted Plaintiff leave to amend to assert the Title VII claims against Attorney General Holder, if she had a good faith basis to argue that such claims could be timely asserted under the rules applicable to federal employee Title VII complaints and a good faith basis for alleging the essential elements of a timely gender-based hostile environment claim. Order, at pp. 22-23.

The First Amended Complaint:

In their current motion, Defendants argue Plaintiff has failed to comply with the Court's August 4, 2010 Order because 1) she asserts claims against defendants who were dismissed by that Order; 2) she asserts claims on which leave to amend was not authorized because the claims were not administratively exhausted; and 3) her hostile-environment claims are not timely or fail to allege facts sufficient to state a plausible claim for relief.

A review of the First Amended Complaint establishes that Defendants are correct. Although Plaintiff has complied with the August 4, 2010 Order by deleting all pendent state law claims, she has not complied in the following respects:

    1. Claims asserted against dismissed defendants:

The First Amended Complaint expressly asserts Title VII claims against the United States

4

Marshals Service and Jason Wilder. Doing so is directly contrary to the Court's August 4, 2010 Order. The claims asserted against these defendants are dismissed with prejudice.

2. Title VII claims:

The First Amended Complaint continues to assert claims based on occurrences in May of 2007, more than one year prior to the only EEO complaint submitted by Plaintiff, thus well outside the 45-day time limit for the submission of such claims. *See* First Amended Complaint at ¶¶ 4-6; 14-18. As the Court explained at length in the August 4, 2010 Order, Plaintiff's Title VII claims are limited by the express rules governing Title VII complaints by federal employees. Accordingly, this Court can consider only 1) claims of discrimination for which she exhausted her administrative remedies by timely filing an EEO complaint; and 2) administratively exhausted claims which were presented to the EEO within 45 days of their occurrence.

The Court's August 4, 2010 Order found that Plaintiff's allegations of events in May 2007 were untimely because she did not attempt to exhaust her administrative remedies regarding these events until August of 2008, more than one year after their occurrence. Construing her allegations most liberally in her favor, the Court granted her leave to amend to cure this deficiency by identifying administratively exhausted claims that occurred during the required 45-day time period.

Plaintiff has failed to do so, and her Title VII claims are dismissed.

The Court notes that the First Amended Complaint again alleges the Defendants continued to engage in gender-based discrimination after the May 2007 occurrences on which she relies. In the August 4, 2010 Order, however, the Court expressly rejected her contentions that she may assert a continuing violation theory to avoid the limitations bar to her claims. *See* Order at pp. 17-21. As the Court explained, the only possible claim that might be asserted by Plaintiff which could arguably

be based on a continuing violation theory is a claim of gender-based hostile work environment. *Id.* at p. 21. The Court noted, however, that Plaintiff had not exhausted her administrative remedies on such a claim because it was not presented to the EEO in the only complaint she submitted. Order at p. 21-22.

For the reasons set forth in the Order of August 4, 2010, Plaintiff's Title VII allegations are deficient because they are untimely or inadequately pled. The First Amended Complaint does not cure these deficiencies, but merely restates the allegations asserted in the original Complaint. Plaintiff's Title VII claims are dismissed with prejudice.

Finally, the Court notes that Plaintiff asserts in the First Amended Complaint allegations regarding events occurring with regard to the EEO handling of her administrative complaint. She does not, however, characterize these events as forming the basis for a claim upon which relief may be granted. Instead, she appears to present these allegations to show that she pursued her administrative remedies regarding her August 2008 EEO complaint. If so, Plaintiff misses the point: the deficiency in her claims is not that she failed to fully pursue those remedies, but that she never properly or timely presented to the EEO the claims which she seeks to assert in this lawsuit.

The Court concludes that the Motion to Dismiss the First Amended Complaint must be granted because the amended allegations fail to cure the deficiencies in the original Complaint. The Court further concludes that additional leave to amend is inappropriate because Plaintiff has been given the opportunity to present timely Title VII claims on which she has exhausted her remedies and which were timely presented to the EEO. She has not done so, and the allegations she presents establish that further amendments would be futile.

<u>Conclusion</u>:

For the foregoing reasons, the Motion to Dismiss [Doc. No. 20] is GRANTED. The action is dismissed with prejudice.

IT IS SO ORDERED this 29th day of September, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE